IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELO KEITH CLARK, | § | |
| (TDCJ-CID #594754) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-3056 |
| | § | |
| ERNEST D. LYKISSA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Angelo Keith Clark, a Texas Department of Criminal Justice inmate, filed this suit on August 25, 2010, proceeding *pro se* and *in forma pauperis*. He alleges a denial of due process and sues Ernest D. Lykissa. In this suit, Clark alleges that he paid $950.00 to Ernest Lykissa and Expertox, Inc. to conduct a chemical analysis on cocaine. He claims that the judge who presided at his criminal trial conspired with Lykissa to take his money. He seeks $25,000,000.00 in punitive damages. The pleadings and other court records show that Clark's claim is barred and must be dismissed.

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss the complaint or any portion that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an

arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Clark raised nearly identical claims against the same defendants in Civil Action No. 4:10-CV-1902. On June 9, 2010, the federal court dismissed Civil Action No. 4:10-CV-1902 as frivolous. Clark filed the present case two months later. He seeks to relitigate the same or similar claims against the same defendants, even though the claims were previously dismissed. A complaint that seeks to relitigate previously dismissed claims is frivolous. *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.), *cert. denied,* 493 U.S. 969 (1989). A district court may dismiss a complaint that duplicates allegations of another federal lawsuit filed by the same plaintiff. *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993).

This action filed by Angelo Keith Clark (TDCJ-CID Inmate #594754) is dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). The TDCJ-CID must deduct twenty percent of each deposit made to Clark's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

  (3)  the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

  SIGNED on October 26, 2010, at Houston, Texas.

_____<br>
Lee H. Rosenthal<br>
United States District Judge